IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

MELINDA ROBERTSON                                    :
6308 CLINTON WAY                                     :
CLINTON, MARYLAND 20735                              :
                                                     :
     Plaintiff,                                   :
                                                     :
v.                                                   :
                                                     :
MORGAN, LEWIS & BOCKIUS, LLP                         :
1111 PENNSYLVANIA AVENUE                             :
WASHINGTON, DC 20004                                 :
                                                     :
     Serve:  Nagwa Hultquist                       :
            1111 Pennsylvania Ave., NW            :
            Washington, DC 20004                  :
                                                     :
     Defendant.                                   :

## COMPLAINT

Plaintiff, Melinda Robertson, by and through her undersigned counsel hereby sues Morgan, Lewis & Bockius, LLP, for violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, 29 U.S.C.A. 621, the DC Human Rights Act, and in support thereof, states as follows:

## PARTIES

1.    Melinda Robertson is an adult resident of the State of Maryland.

2.    Defendant Morgan, Lewis & Bockius, LLP is a Pennsylvania Limited Liability Partnership duly authorized to conduct business in the District of Columbia and maintains a regular place of business at 1111 Pennsylvania Ave, NW, Washington, DC.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over this action pursuant to 28 U.S.C.A s1331.

4.    Venue is proper in this Court based on 28 U.S.C.A. s1391.

FACTS OF THE CASE

5.      Melinda Robertson began her employment with Defendant as a Patent Prosecution Specialist on January 3, 2022.

6.      Defendant is a large, global law firm with more than 1,500 lawyers and offices in United Staes, Europe, Asia and the Middel East.

7.      Plaintiff is an African American woman who was born in 1962, has been over the age of 40 and substantially older than her similarly situated coworkers, during all times relevant to this matter.

8.      From her date of hire through and including March, 2022, Plaintiff was responsible for preparing, filing and uploading IDS documents into Defendant's portal at the United State Patent and Trademark Office ("USPTO").

9.      Shortly after Plaintiff was hired, Defendant hired Rene Rzeszotarksi as a Patent Prosecution Specialist.

10.     Ms. Rzeszotarksi is white and substantially younger than Plaintiff.

11.     In or about April, 2022, Defendant informed Plaintiff that her largest client, General Electric, was being assigned to another Defendant's offices and Plaintiff would no longer be working on that client.

12.     Plaintiff was demoted to reporting only incoming USPTO documents.

13.     As a result of this demotion, Plaintiff was prevented from training on the new USPTO Patent Center system.

14.     Plaintiff later discovered that General Electric's work had not been assigned to another office, but had instead been assigned to Angela Ellis.

15.     Plaintiff was assigned very little while Ms. Ellis and Ms. Rzeszotarksi continued to be assigned substantial caseloads that required more and better interaction with Defendant's attorneys and provided for significant overtime opportunities and higher pay.

16.     In July, 2022, Defendant hired Lewis Bramley, a white employee significantly younger than Plaintiff and assigned him his own docket of USPTO filings.

17.     Mr. Bramley was also able to work significant amounts of overtime.

18.     On July 7, 2022, a Thursday, Defendant announced that there was overtime available to anyone who wanted it.

19.     Plaintiff immediately inquired, only to be told that overtime was not available.

20.     The following Monday, Plaintiff overheard her younger and white co-workers discussing how much overtime they had worked over the previous weekend.

21.     Plaintiff also regularly observed her younger white co-workers starting work earlier than she did and staying later than she did because they had more work and more overtime opportunities.

22.     In or about August, 2022, frustrated by her lack of progress and upset by the opportunities afforded her younger, white co-workers, Plaintiff applied for a different job with Defendant, as a legal secretary.

23.     On August 31, 2022, Defendant informed Plaintiff that she was qualified for the transfer and that Defendant was prepared to move forward with candidacy.

24.     Defendant required that Plaintiff's manager, Karen Catalano sign off on her Transfer Request Form.

25.     Ms. Catalano failed and refused to sign off on the form, and instead, on or about September 22, 2022, Defendant, for the first time since Plaintiff began her employment, notified Plaintiff of alleged deficiencies with her performance.

26.     On or about September 29, 2022, Plaintiff complained to Defendant's human resources department that she had been the victim of discrimination on the basis of her race and age.

27.     In response to her complaints about discrimination, Defendant subjected Plaintiff to weekly "performance" meetings held in a glass walled conference room where her meetings were visible to similarly situated employees.

28.     Due to the intolerable nature of her employment, Plaintiff was subjected to constructive discharge and forced to leave on November 30, 2022.

29.     Plaintiff was discriminated against and constructively discharged in violation of Federal and District of Columbia laws.

30.     Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or about March 6, 2023, Charge No. 570-2022-03060, which was cross filed with the District of Columbia Office of Human Rights (DCOHR).

31.     More than 45 days has passed since Plaintiff filed his Charge.

32.     The EEOC issued a Right to Sue Letter on or about January 23, 2024.

<u>COUNT I</u>
<u>DISCRIMINATION ON THE BASIS OF RACE IN VIOLATIO OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND DC CODE ANN 2-1401, ET SEQ.</u>

33.     Plaintiff adopts and incorporates by reference all of the allegations set forth in the previous paragraphs as if the same were fully set forth herein.

34.     Pursuant to the Civil Rights Act of 1964 and Maryland State Law, it is unlawful for an employer to subject an employee to discrimination and unequal terms and conditions of employment on the basis of his race.

35.     Plaintiff is African American.

36.     Plaintiff's white, similarly situated coworkers were provided with unequal terms and conditions of employment  by being provided more and better work and opportunities to work overtime and earn higher wages.

37.     Plaintiff has suffered and continues to suffer harm and damages as a result of Defendant's actions and inaction.

<u>COUNT II</u>
<u>VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C.A. 621 AND DC CODE ANN. 2-1401, ET SEQ.</u>

38.     Plaintiff adopts and incorporates by reference all of the allegations set forth in the previous paragraphs as if the same were fully set forth herein.

39.     The ADEA and the DC Human Rights Act prohibit employment discrimination against persons 40 years of age or older.

40.     Plaintiff is older than 40.

41.     Plaintiff's substantially younger, similarly situated co-workers were provided with unequal terms and conditions of employment by being provided more and better work and opportunities to work overtime and earn higher wages.

42.     Plaintiff has suffered and continues to suffer harm and damages as a direct and proximate result of Defendant's age discrimination.

<u>COUNT III</u>
<u>RETALIATION</u>

43.     Plaintiff realleges all of the facts previously stated in her Complaint.

5

44.     On or about September 29, 2022, Plaintiff complained to Defendant's human resources department that she had been the victim of discrimination on the basis of her race and age.

45.     In response to her complaints about discrimination, Defendant subjected Plaintiff to weekly "performance" meetings held in a glass walled conference room where her meetings were visible to similarly situated employees.

46.     On November 30, 2022, in response to the retaliation and ongoing harassment and discrimination, Plaintiff was constructively discharged and forced to resign.

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Award economic damages in the amount of $300,000.00 and Compensatory Damages in the Amount of $300,000.00;

B.     Award Plaintiff all of her fees and costs associated with this matter, including his attorneys' fee; and

C.     Such other and further relief as this Court deems necessary based upon the facts and circumstances of this case.

## JURY TRIAL

Plaintiff requests that all matters in this case be tried by a jury.

Dated: March 28, 2024                    Respectfully Submitted,

*/s/Neil S. Hyman*
Neil S. Hyman, Esq.
DC Bar No. 465047
Law Office of Neil S. Hyman
4520 East West Highway, Suite 700
Bethesda, Maryland 20814
(301) 841-7105
neil@neilhymanlaw.com

*Counsel for Plaintiff*